# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| CHRISTOPHER W. ALBRECHT,   )<br>        )<br>          Plaintiff,   )<br>  v.   )<br>CARAMBOLA PARTNERS, LLC, JS CARAMBOLA )<br>LLP, JAMES M. PULS, JOHN PULS, and LARRY   )<br>VAUGHN,   )<br>          Defendants.   )<br>_____   ) | 2008-CV-0021 |

**TO:**   Kevin A. Rames, Esq.
        Scot F. McChain, Esq.

## ORDER

THIS MATTER is before the Court upon Defendants' Notice Requiring Security For Costs (Docket No. 37) and Plaintiff's Motion For Sanctions (Docket No. 38). This order is issued without necessity of further briefing regarding either motion.

With respect to the motion for sanctions, the record reflects that this matter was scheduled for a pretrial status conference on February 10, 2009, at 11:30 a.m. Scheduling Order (Docket No. 30), dated and entered January 29, 2009. However, none of Defendants appeared either through a representative nor via telephone for the said status conference. Consequently, the Court issued an Order to Show Cause (Docket No. 31), entered February 10, 2009, directing Defendants James M. Puls, John Puls, and Larry Vaughn to show cause at a hearing scheduled for March 9, 2009, at 9:00 a.m., why they should not be held in

*Elbrecht v. Carambola Partners, LLC*
2008-CV-0021
Order
Page 2

contempt of Court for their failure to appear or otherwise participate in the said status conference. Again, said Defendants failed to appear. The Court, consequently, found said Defendants to be in contempt and ordered Plaintiff to file a motion for appropriate sanctions. Contempt Order (Docket No. 35), dated and entered March 9, 2009.

Since the date of said hearing and contempt order, Scot F. McChain, Esq., has filed a Notice Requiring Security For Costs (Docket No. 37) on behalf of Defendants Carambola Partners, LLC, JS Carambola, LLP, Jame [sic] M. Puls, John Puls, and Larry Vaughn. However, Attorney McChain was allowed to withdraw as counsel for Defendants pursuant to his motion to withdraw by Order Granting Counsel's Motion to Withdraw as Counsel (Docket No. 27), dated and entered December 1, 2009. At no time since such order was entered has Attorney McChain filed a notice of appearance or given any other indication that he again has been retained as counsel by and represents Defendants in this matter. In addition, Attorney McChain did not appear at the March 9, 2009, show cause hearing or status conference scheduled to follow said hearing.

As for Defendants' request for security costs, this Court follows and applies the holding of Judge Moore of the Division of St. Thomas and St. John, in *Mossman v. Moran*, Civil No. 2004-31, 2004 WL 1664010 (D.V.I. June 1, 2004), where he declared that VI Code Ann. tit. 5, § 547 does not apply to a diversity action in federal court. As explained by

*Elbrecht v. Carambola Partners, LLC*
2008-CV-0021
Order
Page 3

Judge Moore, "section 547 is clearly a rule of procedure rather than substance . . . ." *Id*. at *3.

In *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), the United States Supreme Court held:

> [E]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern.

*Id*. at 78. Judge Reed, concurring, clarified, "The line between procedural and substantive law is hazy, but no one doubts federal power over procedure." *Id*. at 92 (citing *Wayman v. Southard*, 10 Wheat. 1, 6 L.Ed. 253). Thus, in *Yohannon v. Keene Corp*., 924 F.2d 1255, 1265 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit articulated, "[A] federal court sitting in diversity must apply the law of the forum state to questions that are 'substantive' but must use federal rules to govern 'procedural' maters." *Id*. at 92 (citing *Erie*, 304 U.S. at 92). Based upon the foregoing, Judge Moore concluded that Section 547 does not apply to diversity proceeding in this Court. The Court finds Judge Moore's reasoning to be persuasive and finds that Section 547 does not apply to diversity proceedings in this Court.

*Elbrecht v. Carambola Partners, LLC*
2008-CV-0021
Order
Page 4

Being advised in the premises and upon due consideration thereof, it is now hereby

**ORDERED**:

1. Defendants' Notice Requiring Security For Costs (Docket No. 37) is **DENIED**.

2. Plaintiff's Motion For Sanctions (Docket No. 38) is **GRANTED**.

3. Defendants James M. Puls, John Puls, and Larry Vaughn each shall pay five hundred dollars ($500.00) to the District Court of the Virgin Islands on or before **April 3, 2009**.

4. All Defendants shall respond to Plaintiff's motion for partial summary judgment on or before **April 17, 2009**.

ENTER:

Dated: March 17, 2009
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE